IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DURWOOD OWEN NOBLE,

    Plaintiff,

v.                                                            Civ. No. 22-769 GBW/KRS

CITY OF EUNICE, *et al.*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint ("the Motion"). *Doc. 5.* Having reviewed the Motion and its attendant briefing (*docs. 9*, *10*), and being otherwise fully advised regarding relevant case law, the Court GRANTS Defendants' Motion to Dismiss as to Defendant Carlton Glen Jenkins, GRANTS the Motion as to Plaintiff's claim for punitive damages against Defendant City of Eunice, and otherwise DENIES the Motion as to Defendant City of Eunice.

**I.    BACKGROUND**

Defendant Carlton Glen Jenkins ("Jenkins") is a municipal court judge employed by Defendant City of Eunice. *See doc. 1-1* at ¶¶ 2-3. In April 2022, Plaintiff was issued a traffic citation which required him to appear before Defendant Jenkins in Eunice County Municipal Court in Eunice, New Mexico. *Id.* at ¶¶ 5, 10-11. Plaintiff's claims in this case

1

stem from an order entered by Defendant Jenkins in that proceeding which allegedly "purport[ed] to require Plaintiff to be held in jail without bond 'until service of an attorney [could] be obtained' by Plaintiff for his defense related to the traffic citations." *See id.* at ¶ 12. Plaintiff alleges that municipal court judges in New Mexico lack jurisdiction to require litigants to obtain counsel and that Defendant Jenkins's order caused him to spend approximately five days in jail and incur $984.76 in legal fees. *See id.* at ¶¶ 14-15, 17.

Plaintiff filed his Complaint for Violation of Civil Rights in state court on September 2, 2022, bringing claims against Defendant Jenkins and Defendant City of Eunice under 42 U.S.C. § 1983 for violations of his right under the Fourth Amendment to be free from unreasonable seizures. *See id.* at 3-4. Defendants removed the case to federal court on October 17, 2022, *doc. 1*, and filed the instant Motion to Dismiss Plaintiff's Complaint on October 24, 2022, *doc. 5*. Plaintiff filed his Response in Opposition to Defendants' Motion to Dismiss on November 4, 2022. *Doc. 9*. The Motion was fully briefed on November 18, 2022, *doc. 11*, with the filing of Defendants' Reply, *doc. 10*. The Court held a hearing on the Motion on January 27, 2023. *See doc. 13*.

II.   **LEGAL STANDARDS**

   A.  **Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to

2

relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).  However, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.  Rather, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  The complaint must only be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555.  However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct"; otherwise, the plaintiff has not

3

shown entitlement to relief. *Id*. at 679.

## B. Judicial Immunity

"The Supreme Court has recognized the defense of absolute immunity from civil rights suits in several well-established contexts involving the judicial process." *Stein v. Disciplinary Bd. of Sup. Ct. of NM*, 520 F.3d 1183, 1189 (10th Cir. 2008) (quoting *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990)). "Typically, judges, prosecutors, and witnesses enjoy absolute immunity" consistent with the rationale of "incorporat[ing] traditional common law immunities and [allowing] functionaries in the judicial system the latitude to perform their tasks absence the threat of retaliatory § 1983 litigation." *Id.* at 1189-90 (quoting *Snell*, 920 F.2d at 686-87 and citing *Valdez v. City and Cnty. of Denver*, 878 F.2d 1285, 1287 (10th Cir. 1989)). One context in which judges are afforded absolute immunity from suit is when a judge acts in a judicial capacity, unless the judge "act[ed] clearly without any colorable claim of jurisdiction." *Snell*, 920 F.2d at 686; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). In other words, judicial immunity "is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted).

## C. Qualified Immunity

Qualified immunity protects public officials from liability "insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  On a motion to dismiss based on qualified immunity, a plaintiff carries a "heavy two-part burden," of showing that (1) the facts alleged make out a violation of a constitutional right, and (2) the right at issue was clearly established at the time of defendant's alleged misconduct. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (quoting *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008)); *Leverington*, 643 F.3d at 732 (quoting *Pearson*, 555 U.S. at 232).  The Court need not answer these questions sequentially but may use its "sound discretion" in determining which prong to address first.  *Pearson*, 555 U.S. at 236.

Although the *Twombly* standard may sometimes have "greater bite" in the qualified immunity context, the complaint need not include "all the factual allegations necessary to sustain a conclusion that [a] defendant violated clearly established law." *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008) (citation omitted).  Instead, the operative question is whether the plaintiff has "ple[d] factual matter that, if taken as true, states a claim that [defendants] deprived him of his clearly established constitutional rights." *Iqbal*, 556 U.S. at 666.

### III. ANALYSIS

In the Motion, Defendants argue that Plaintiff's claim against Defendant Jenkins should be dismissed because Defendant Jenkins is entitled to judicial and qualified

5

immunity, *see doc. 5* at 3-6, and that Plaintiff's claim against Defendant City of Eunice should be dismissed on the basis of qualified immunity, *see id.* at 4-6.  Defendants also request dismissal of Plaintiff's claims for punitive damages on the basis that they are inadequately pled.  *See id.* at 6.

### A. Judicial Immunity

Judges are entitled to absolute immunity for actions they take in a judicial capacity, unless such actions are taken in the clear absence of jurisdiction.  *See Mireles*, 502 U.S. at 11 (explaining that immunity is "overcome in only two sets of circumstances," when liability is sought to be imposed for "nonjudicial actions" or for actions that are "judicial in nature [but] taken in the complete absence of all jurisdiction").  The first part of this test, whether a judge acted in a judicial capacity, relates to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."  *Stump*, 435 U.S. at 362.

Here, there is no question that the act which forms the basis for Plaintiff's claim against Defendant Jenkins—Defendant Jenkins's order "purporting to require Plaintiff to be held in jail without bond" until Plaintiff obtained counsel—was taken in Defendant Jenkins's judicial capacity. *Cf. Stein*, 520 F.3d at 1195 (stating that "[t]here can be no question" that a state supreme court's issuance of a show-cause order in an attorney discipline matter was taken in a judicial capacity); *Giron v. Chaparro*, 167 F.

6

App'x 716, 720 (10th Cir. 2006) (stating that a judge's issuance of a contempt order "patently involves a judicial function"). Moreover, Plaintiff's counsel clarified at the Motion Hearing held on January 27, 2023, that Plaintiff does not dispute that Defendant Jenkins took the suspect action in his judicial capacity, *see doc. 13* at 3, despite Plaintiff's argument to the contrary in his response to the Motion, *see doc. 9* at 5, 7.  Therefore, the Court will focus on the second part of the test for whether an action is covered by judicial immunity, which is whether the suspect action was taken by a judge where jurisdiction was clearly lacking.

The Supreme Court has instructed that for purposes of determining whether an action was taken in the clear absence of jurisdiction,

> the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.  A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."

*Stump*, 435 U.S. at 356-57 (quotation omitted).  'Jurisdiction' is a term of art that refers to the power of a court to decide a particular dispute.  *See* JURISDICTION, Black's Law Dictionary (11th ed. 2019) ("jurisdiction . . . 2. A court's power to decide a case or issue a decree").  Accordingly,

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime,

7

> he would merely be acting in excess of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 357 n.7 (citing *Bradley v. Fisher*, 80 U.S. 335, 352 (1871)).

Here, Plaintiff argues that Defendant Jenkins acted in the clear absence of jurisdiction, not in excess of his jurisdiction, when he entered the order holding Plaintiff in jail until Plaintiff hired counsel to defend his traffic citations. Plaintiff relies on New Mexico Rule of Procedure for the Municipal Courts 8-107(A), which provides that in New Mexico municipal courts, "[a] defendant to any criminal action may appear, defend, and appeal any proceeding without an attorney, pro se," N.M.R. Ann. § 8-107(A), to argue that Defendant Jenkins had no authority to require Plaintiff to obtain counsel and therefore had no jurisdiction to enter the order at issue in this case, *see doc. 9* at 6-7.

Plaintiff's argument confounds the distinction between a court's authority and jurisdiction. On its face, Rule 8-107(A) does not abrogate a New Mexico Municipal Court's jurisdiction over traffic citations, *see* N.M.R. Ann. § 8-107(A); *id.* § 8-201, and Plaintiff does not cite any caselaw suggesting it does so. Instead, Rule 8-107(A) limits Judge Jenkins' authority when adjudicating traffic citations.[1] As it is undisputed that

---

[1] The Court is not convinced that the permissive language in Rule 8-107(A) is best read to establish an absolute right to appear *pro se* for criminal plaintiffs in New Mexico municipal courts, *see* N.M.R. Ann. § 8-107(A) ("A defendant to any criminal action *may* appear, defend, and appeal any proceeding without an attorney, pro se") (emphasis added), but the Court need not, and therefore does not, adopt a definitive interpretation of Rule 8-107(A) with regard to this question.

8

Defendant Jenkins had jurisdiction over the proceeding in which the suspect order was issued—namely, the proceeding resulting from one of Plaintiff's three April 2022 traffic citations—his issuance of that order was not carried out in the clear absence of jurisdiction. *See Stein*, 520 F.3d at 1195-96 ("[A] court invested with jurisdiction over the subject matter in question does not act in the clear absence of all jurisdiction."); *Bradley*, 80 U.S. at 354 ("The exemption of judges . . . from liability to civil suit for their judicial acts existing when there is jurisdiction of the subject-matter, though irregularity and error attend the exercise of the jurisdiction, the exemption cannot be affected by any consideration of the motives with which the acts are done."). Therefore, neither exception to judicial immunity applies and Defendant Jenkins must be found immune to Plaintiff's claim against him.

### B. Qualified Immunity

Both Defendants have raised qualified immunity as a defense to Plaintiff's claims against them. The Court will address Defendant Jenkins's and Defendant the City of Eunice's qualified immunity defenses separately.

#### i. *Defendant Jenkins*

The Court must consider whether Plaintiff has borne his burden of alleging that Defendant Jenkins violated one of Plaintiff's constitutional rights and that the right was clearly established at the time of the alleged violation. *See Leverington*, 643 F.3d at 732. Plaintiff must prevail on both counts to survive Defendant Jenkins's qualified immunity

defense. *Cox v. Glanz*, 800 F.3d 1231, 1246 (10th Cir. 2015); *see also A.M. v. Holmes*, 830 F.3d 1123, 1134-35 (10th Cir. 2016). The Court elects to focus on the second, 'clearly-established' prong of qualified immunity and finds that Plaintiff fails to carry his burden.

"For a right to be clearly established there must be Tenth Circuit or Supreme Court precedent close enough on point to make the unlawfulness of the [government official's] actions apparent." *Mascorro v. Billings*, 656 F.3d 1198, 1208 (10th Cir. 2011); *see also Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011) ("A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right.") (quotations omitted). Additionally, a right may be clearly established by the clear weight of authority from case law in other circuits. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1248 (10th Cir. 2003). In other words, while "[w]e do not require a case directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quotation omitted). "The dispositive question is whether the violative nature of *particular* conduct is clearly established," and the "inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id*. (quotations omitted).

Here, Plaintiff has cited no authority or precedent, and the Court has otherwise

found none, that clearly establishes that Defendant Jenkins's alleged conduct violated Plaintiff's Fourth Amendment rights.  Plaintiff offers three potential sources of clearly established law: New Mexico Supreme Court Order 13-8300-028, which adopted Rule 8-107(A); the Fourth Amendment itself; and *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989).  *See doc. 9* at 7-8.  Of these three, the first two obviously do not constitute Tenth Circuit or Supreme Court precedent and therefore do not discharge Plaintiff's burden of citing clearly established law.  *Cf. Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) (finding that a plaintiff's failure to cite or discuss legal authority in support of an argument that the defendants' actions violated clearly established law, except for "three mentions of the Fourth Amendment" in a response, was insufficient under the Rule 56 standard to satisfy his burden on either prong of qualified immunity).

Plaintiff's citation to *Brower* likewise does not discharge his burden of showing that any constitutional violation by Defendant Jenkins was clearly established.  Plaintiff cites *Brower* for the proposition that "Plaintiff's Fourth-Amendment rights were violated 'when there [was] a governmental termination of freedom of movement *through means intentionally applied*' by Defendants."  Doc. 9 at 8 (citing *Brower*, 489 U.S. at 597) (emphasis and alteration in original).  Plaintiff's suggested framing of the constitutional violation addressed by *Brower* is overly abstract, and the law established in *Brower* is not

11

sufficiently particularized to the facts of Plaintiff's case.² *See White v. Pauly*, 580 U.S. 73, 79 (2017) (reiterating "the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality' [and] must be 'particularized' to the facts of the case"(quoting *Ashcroft*, 563 U.S. at 742 and *Anderson v. Creighton*, 483 U.S. 635, 640 (1987))). Plaintiff therefore fails to identify a case where a judge acting under similar circumstances as Defendant Jenkins was held to violate a plaintiff's Fourth Amendment rights, and this failure entitles Defendant Jenkins to qualified immunity.

### ii. *Defendant City of Eunice*

The sole argument raised by Defendants' Motion for dismissal of Plaintiff's claim against Defendant City of Eunice is that Plaintiff has not met his burden to show that any constitutional right violated by Defendant Jenkins was clearly established. *See doc. 5* at 5-6. As "[q]ualified immunity is not available as a defense to municipal liability, *see Pyle v. Woods*, 874 F.3d 1257, 1264 (10th Cir. 2017) (citing, *inter alia*, *Owen v. City of Independence*, 445 U.S. 622, 637-38 (1980)), the Court will deny the Motion as to Defendant City of Eunice, except to the extent the Motion requests dismissal of Plaintiff's claim for punitive damages against the City.

"[A] local government may not be sued under § 1983 for an injury inflicted solely

---

² The facts of *Brower* are vastly different from the facts alleged in the Complaint. The "governmental termination of freedom of movement through means intentionally applied" in *Brower* was a roadblock placed by police officers in the path of the plaintiff's vehicle during a police chase. *See* 489 U.S. at 594. Because *Brower* does not center on a judicial action in any capacity, much less a judge's issuance of an order alleged to be in violation of a procedural rule, the Court does not find that the law established in *Brower* could have put Defendant Jenkins on notice that his action was unconstitutional.

by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Instead, to hold a municipality liable for a constitutional violation under § 1983, a plaintiff must show that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* As a result, the Court's foregoing finding that Defendant Jenkins's conduct did not amount to a clearly established constitutional violation at the time he issued his order is not dispositive of Plaintiff's municipal liability claim against Defendant City of Eunice. *See Pyle*, 874 F.3d at 1264-65. Should Defendants wish to challenge the adequacy of Plaintiff's allegations vis-à-vis the elements of a municipal liability claim under § 1983, they may do so by separate motion. For current purposes, however, Defendants offer no argument other than their "clearly established" argument in support of their Motion to Dismiss, *see doc. 5* at 4-6, so the Court will deny the motion with respect to Defendant City of Eunice.

### C. Punitive Damages

Finally, Defendant's Motion requests the Court to dismiss Plaintiff's claims for punitive damages against both Defendants on the basis that Plaintiff's allegations do not adequately plead that Defendants acted with the requisite intent. *See doc. 5* at 6. As the Court has found that Defendant Jenkins is entitled to judicial and qualified immunity for Plaintiff's claim against him, the sole claim remaining in this case is Plaintiff's § 1983 claim against Defendant City of Eunice. Municipal entities are immune from punitive

damages under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that because "absolute immunity from [punitive] damages obtained at common law and was undisturbed by the 42d Congress, and because that immunity is compatible with both the purposes of § 1983 and general principles of public policy, . . . a municipality is immune from punitive damages under 42 U.S.C. § 1983."). Therefore, the Court will grant Defendants' Motion to the extent it requests dismissal of Plaintiff's claim for punitive damages against Defendant City of Eunice.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint (*doc. 5*) is GRANTED in part and DENIED in part.

IT IS HEREBY ORDERED that Plaintiff's claim against Defendant Carlton Glen Jenkins is DISMISSED WITHOUT PREJUDICE. Plaintiff's claim against Defendant City of Eunice—except to the extent such claim includes a request for punitive damages—is the sole claim remaining in this case.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**