IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DURWOOD OWEN NOBLE,

     Plaintiff,

v.                                                                    No. Civ. 2:22-769 GBW/KRS

CITY OF EUNICE, a New Mexico
Municipal Corporation,

     Defendant.

**<u>ORDER GRANTING MOTION PERMITTING DISCOVERY</u>**

THIS MATTER is before the Court on Plaintiff's Motion for Order Permitting

Discovery, filed October 27, 2023.  (Doc. 21).  Defendant filed a Response on November 10,

2023, and Plaintiff filed a reply on November 24, 2023.  (Docs. 22, 23).  Having considered the

parties' briefing, the record of the case, and relevant law, the Court grants the Motion for Order

Permitting Discovery.

Plaintiff filed a Complaint in the Fifth Judicial District Court of Lea County, New

Mexico on September 2, 2022.  (Doc. 1-1).  Plaintiff brought claims against Defendants City of

Eunice and Jenkins under 42 U.S.C. § 1983 for violations of his rights under the Fourth

Amendment to be free from unreasonable seizures.  *Id.* at 3-4.  Defendants removed the case to

this Court on October 17, 2022, and filed a motion to dismiss on the basis of judicial and

qualified immunity.  (Docs. 1, 5).  On February 16, 2023, the presiding judge entered an order

dismissing Plaintiff's claim against Defendant Jenkins without prejudice, dismissing Plaintiff's

claim for punitive damages against Defendant City of Eunice, and denying the motion to dismiss

as to Defendant City of Eunice.  (Doc. 14) (denying motion to dismiss as to Defendant City of

Eunice because municipalities are not entitled to raise qualified immunity as a defense to alleged

constitutional violations).  Thereafter, Defendant City of Eunice filed a second motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. 15).

Pursuant to Defendant's second motion to dismiss, the Court entered an Order Finding Good Cause to Delay Entry of a Scheduling Order under Fed. R. Civ. P. 16 and stated it will set the case for scheduling once the presiding judge resolves the pending motion to dismiss. (Doc. 17).  Plaintiff now moves the Court for an order allowing him to conduct discovery in this case.  (Doc. 21).  Plaintiff states that he intends to assert a cause of action under the New Mexico Civil Rights Act, NMSA 1978, §§ 41-4A-1, et seq., "by amendment if this Court should deny Defendant's pending motion to dismiss … and in state court if this Court should grant Defendants' pending motion to dismiss."  (Doc. 17) at 2.  Plaintiff therefore asserts this matter "is not 'going away,' regardless how the Court rules on the motion [to dismiss]."  *Id.*  Plaintiff states he seeks "[d]iscovery into Defendants' wrongful conduct" to have the "opportunity to pursue redress for the wrongs visited upon him by his own municipal government," and that the case will have a greater possibility of resolution if he can obtain that discovery.  *Id.*

Defendant City of Eunice opposes Plaintiff's motion for discovery, arguing it would be burdensome to participate in discovery at this stage of the case because it may prevail on its motion to dismiss and the case may be disposed of.  (Doc. 22) at 2-3.  Defendant further states that Plaintiff is not harmed by the continued stay of discovery and it would be most efficient and economical to stay discovery of a case that may be dismissed in its entirety.  *Id.* at 3-4.  In reply, Plaintiff contends he is prejudiced in his ability to discover information in Defendant's possession that is necessary to litigate his claims, and Plaintiff is concerned that Defendant may destroy relevant evidence while the stay is in place.  (Doc. 23) at 2-3.

Courts have broad discretion to stay proceedings incident to their power to manage their dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants"); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression of discovery). Courts may also issue a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows courts to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." It is appropriate for a court to stay discovery until a pending dispositive motion is decided where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

Here, if Defendant's second motion to dismiss is granted, no claims would remain in this case. However, Plaintiff states in his motion for discovery that he intends to assert state law claims against Defendant based on the incident alleged in his Complaint. Since Plaintiff will still have a claim against Defendant City of Eunice even if the motion to dismiss is granted, the Court finds that allowing the parties to proceed with discovery would not be wasteful or burdensome. Therefore, the Court finds it appropriate to set a Rule 16 scheduling conference and allow the parties to begin the discovery process.

IT IS THERFORE ORDERED that Plaintiff's Motion for Order Permitting Discovery, (Doc. 21), is GRANTED.  The Court will separately enter an initial scheduling order setting a Rule 16 scheduling conference and a deadline for the parties to meet and confer under Fed. R. Civ. P. 26(f).

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE