IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DURWOOD OWEN NOBLE,

    Plaintiff,

v.                                                           Civ. No. 22-769 GBW/KRS

CITY OF EUNICE,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint ("the Motion"). *Doc. 15*. Having reviewed the Motion and its attendant briefing (*docs. 16, 19*), and being otherwise fully advised, the Court GRANTS the Motion.

**I.    BACKGROUND**

The Court presumes familiarity with the factual background of Plaintiff's claim against Defendant City of Eunice ("Defendant City"), which was included in a previous order and will not be repeated here. *See doc. 14* at 1-2. Defendant City filed its Motion to Dismiss Plaintiff's Complaint on March 1, 2023, requesting the Court dismiss Plaintiff's 42 U.S.C. § 1983 claim against it for violations of his right under the Fourth Amendment to be free from unreasonable seizure of his person without a warrant. *See generally doc. 15*; *doc. 1-1* ¶¶ 25-33. Plaintiff filed his Response in Opposition to

Defendant City's [Second] Motion to Dismiss on March 14, 2023. *Doc. 16*. The Motion was fully briefed on March 28, 2023, *doc. 20*, with the filing of Defendant City's Reply, *doc. 19*.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). However, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not impose a probability requirement." *Twombly*, 550 U.S. at 556. Rather, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974)).  The complaint must only be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct"; otherwise, the plaintiff has not shown entitlement to relief.  *Id*. at 679.

### B. Municipal Liability

A municipality cannot be held vicariously liable under 42 U.S.C. § 1983 merely because of the acts of its agents.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010).  Rather, a municipality is liable only if "action pursuant to official municipal policy of some nature caused a constitutional tort."  *Monell*, 436 U.S. at 691.  Accordingly, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation."  *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).

In order to meet the second element of his burden, Plaintiff must "identify 'a government's policy or custom' that caused the injury."  *Schneider v. City of Grand*

3

*Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (quoting *Monell*, 436 U.S. at 694). The challenged policy or custom may take different forms. *See Cacioppo v. Town of Vail*, 528 F. App'x 929, 931–32 (10th Cir. 2013) (unpublished). "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider*, 717 F.3d at 770. For liability to attach, the plaintiff must demonstrate a "direct causal link between the custom or policy and the violation alleged." *Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997) (quoting *Jenkins v. Wood,* 81 F.3d 988, 993–94 (10th Cir. 1996)). Generally, a "single incident of unconstitutional activity is not sufficient to impose liability" under *Monell*. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

### III.   ANALYSIS

In the Motion, Defendant City argues that Count II of the Complaint – which brings a 42 U.S.C. § 1983 claim against the City of Eunice based on its alleged policy of allowing City of Eunice Municipal Judge Carlton Glen Jenkins ("Judge Jenkins") to regularly engage in a pattern or practice of acting ultra vires by "purporting to require litigants to retain counsel in order to retain their liberty," *see doc. 1-1* at ¶¶ 26, 28 – is subject to dismissal under Rule 12(b)(6) because it fails to sufficiently allege a claim based on *Monell* liability, *see doc. 15* at 4-5. Specifically, Defendant City contends that

4

Plaintiff fails to state a *Monell* claim because the Complaint fails to plead facts sufficient to identify a specific, unconstitutional custom or policy or to establish that Defendant City was the moving force behind any unconstitutional custom or policy.  *See id*. at 3-5.

In response to the Motion, Plaintiff argues that dismissal of Count II is inappropriate under Rule 12(b)(6) because "[i]t is certainly 'plausible' that [Judge] Jenkins is one 'whose edicts or acts may fairly be said to represent official policy.'"  *Doc. 16* at 3.  Additionally, Plaintiff alleges that Defendant City had a policy of allowing Judge Jenkins to engage in a pattern or practice of issuing *ultra vires* orders that places litigants in custody until they were able to retain counsel.  *Doc. 1-1*, ¶¶ 26, 28.  The Court agrees with Defendant City.

First, Judge Jenkins, as a state judicial officer, was not acting with final policymaking authority for the City of Eunice when he made a pretrial detention decision pursuant to his authority under state law.  Second, because Judge Jenkins was operating as a state judicial officer, his alleged pattern or practice of issuing *ultra vires* orders purporting to require litigants to retain counsel in order to retain their liberty could not be considered a policy or custom of the City of Eunice.  Because Plaintiff fails to "identify 'a government's policy or custom' that caused [constitutional] injury," *Schneider*, 717 F.3d at 769, the Court need not address the first prong of the *Monell* analysis.

5

### A. Municipal Policymaker

Generally speaking, municipal judges are not municipal policymakers. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1189-90 (10th Cir. 2003). However, in this context, the "court must examine state laws and local ordinances or regulations to determine where the statutory law places the responsibility for making law or settling policy in a particular area." *Id*. at 1190 (municipal judge's act of issuing an invalid arrest warrant could not be interpreted as promulgating municipal policy because municipal judge's duty to sign all municipal arrest warrants was directly mandated by state statue).

Judge Jenkins is a state judicial officer vested with the state's judicial authority and power. *See* N.M. Const. art. VI, § 1 ("The judicial power of the state shall be vested in . . . a supreme court, a court of appeals, district courts; probate courts, magistrate courts, *and such other courts inferior to the district courts as may be established by law . . .*") (emphasis added). The Court previously recognized Judge Jenkins's status as a judicial officer of the state by dismissing him from this case pursuant to the doctrine of judicial immunity. *Doc. 14* at 6-9. The judicial authority wielded by New Mexico municipal judges is governed by the New Mexico Rules of Procedure for the Municipal Courts ("NMRA"). *See* NMRA, 8-101 *et seq*. This authority under state law includes the authority to determine whether a defendant should be detained pending further proceedings or be granted pretrial release pursuant to certain conditions. *See* NMRA, 8-

6

401. Although peculiar, Judge Jenkins's decision which allegedly "require[d] Plaintiff to be held in jail without bond 'until service of an attorney [could] be obtained' by Plaintiff for his defense related to traffic citations" was a pretrial detention decision pursuant to his power under state law. *Doc. 1-1*, ¶ 12. Thus, Judge Jenkins's act was done pursuant to his state judicial authority, not any separate municipal authority. Importantly, Plaintiff does not allege that Judge Jenkins, when making his detention decision, was following any local ordinance or regulation when reaching his decision. Accordingly, Judge Jenkins's disputed actions done pursuant to his state judicial authority cannot be interpreted as promulgating city policy.

Finally, Plaintiff provides the Court with no evidence that Defendant City had the power or authority to intervene on Judge Jenkins's detention decisions. Certainly, his detention decisions are appealable to the state district courts, *see* NMRA, 8-703, but this fact simply reinforces Judge Jenkins's position within the composition of the New Mexico judiciary. If his decisions otherwise constitute misconduct, the authority to correct his behavior lies not with Defendant City, but within the judiciary. *See* N.M. Const. art. VI, § 32 (authority to investigate allegations of judicial misconduct held by the Judicial Standards Commission with review by the New Mexico Supreme Court); *see also In re Salazar*, 299 P.3d 409 (N.M. 2013) (judicial disciplinary action involving a municipal court judge).

Judge Jenkins's authority to detain and impose pretrial release conditions was circumscribed by his judicial duty to follow state law. Any detention decision, improper or not, was not done under the auspices of Defendant City and could not be interpreted as promulgating city policy. Accordingly, Judge Jenkins was not acting with final policymaking authority for the City of Eunice. *See Egger v. City of Livingston*, 40 F.3d 312, 314-15 (9th Cir. 1994) (holding that a municipal judge "was performing a state judicial function and not acting as a final decision maker for the City when deciding how or whether to advise the plaintiffs of their rights, and whether to appoint counsel" and stating that "[t]he [j]udge's failure to follow state law or federal constitutional law does not transform his [conduct] into municipal policymaking.") (cited with approval in *Ledbetter*, 318 F.3d at 1190).

## B. Well-Settled Custom or Practice

Plaintiff alleges that Defendant City was aware of Judge Jenkins's pattern or practice of issuing *ultra vires* orders purporting to require litigants to retain counsel in order to retain their liberty, had a policy of allowing Judge Jenkins to act *ultra vires*, and affirmatively promulgated said policy. *Doc. 1-1* ¶¶ 26-28. Alternatively, Plaintiff alleges that Defendant City knew of Judge Jenkins's *ultra vires* actions and tacitly adopted a policy of allowing said actions to continue by failing to stop them. *Id.* ¶ 30. The above analysis precludes Plaintiff's argument. Because Judge Jenkins was operating as a state judicial officer, his alleged pattern or practice of issuing ultra vires

8

orders purporting to require litigants to retain counsel in order to retain their liberty could not be considered a policy or custom of the City of Eunice. *See Ledbetter*, 318 F.3d at 1189-90 (affirming dismissal of 42 U.S.C. § 1983 claim against city because municipal judge's failure in following state law could not be considered a city policy or custom). Neither the alleged impropriety of Judge Jenkins's detention decision nor the number of times he made similar decisions disturbs this conclusion.

Because Plaintiff fails to "identify 'a government's policy or custom' that caused [constitutional] injury," *Schneider*, 717 F.3d at 769, the Court will dismiss Plaintiff's 42 U.S.C. § 1983 claim against Defendant City of Eunice.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint (*doc. 15*) is GRANTED.

**IT IS HEREBY ORDERED** that Plaintiff's claim against Defendant City of Eunice is DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order Permitting Discovery (*doc. 21*) is DENIED AS MOOT.

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**